[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10085
Non-Argument Calendar

_____

D. C. Docket No. 04-00258-CV-HLM-4

DONALD S. VOILS,

Petitioner-Appellant,

versus

HILTON HALL, Warden,
THURBERT E. BAKER, Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 22, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Donald S. Voils, a Georgia state prisoner serving concurrent 20-year sentences for statutory rape and child molestation, proceeding *pro se*, challenges the district court's denial of his *pro se* federal habeas petition, brought pursuant to 28 U.S.C. § 2254. On appeal, Voils argues that the state trial court violated his rights under the Due Process Clause of the Fourteenth Amendment when it failed to inform him of the mandatory minimum sentences for the offenses he was convicted of when he entered his guilty plea. We granted a certificate of appealability as to this issue.

We review a district court's grant or denial of a § 2254 habeas petition *de novo*. *See Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). The district court's ability to grant habeas relief is limited by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(e)(1) provides that "a determination of a

2

factual issue made by a State court shall be presumed to be correct," and that this presumption can be rebutted only by "clear and convincing evidence."

In *Boykin v. Alabama*, the Supreme Court held that it was error for the trial judge to accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969). A guilty plea that is not knowingly and voluntarily entered violates the Due Process Clause, and is, therefore, invalid. *Id.*, 395 U.S. at 243 n.5, 89 S. Ct. at 1712 n.5. For a guilty plea to be knowing and voluntary, the accused must understand the significance of the waiver and the consequences of the plea. *Id.* at 243-44, 89 S. Ct. 1712. "For . . . a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right . . . is . . . governed by federal standards." *Id.* at 242-43, 89 S. Ct. at 1712. In order to ensure that a plea is knowing and voluntary, the Court advised trial courts "to conduct an on the record examination of the defendant which should include, *inter alia*, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Id.* at 244 n.7, 89 S.

3

Ct. at 1713 n.7.

After reviewing the record, we cannot say that the state appellate court's determination that Voils's plea was knowing and voluntary was either contrary to, or an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). In finding that his guilty plea was knowing and voluntary, the state appellate court reviewed the record and determined that Voils, in accordance with the dictates of *Boykin*, understood (1) the nature of the charges, (2) his right to a jury trial, (3) the rights he was waiving by pleading guilty, and (4) the maximum sentence for the charges to which he was pleading guilty. Furthermore, despite the fact that Voils may not have been informed specifically of the applicable mandatory minimum sentences, the state appellate court noted that Voils represented to the trial court that no one had influenced his guilty plea by making threats or promises; that he had consulted with his lawyer and was satisfied with his performance; that he was not under the influence of drugs or alcohol; that his plea was voluntary; and that he was in fact guilty. Accordingly, because we conclude that the district court correctly addressed this claim, we affirm the district court's denial of Voils's § 2254 habeas petition.

**AFFIRMED.**